SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 19 2013

J. T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSEPH F. STRINGER and
STRINGER CONSTRUCTION COMPANY, LLC          PLAINTIFFS

VS                                          CAUSE NO.: 213-0096

                                            4:13CV148CWR-FKB

SCOTT WILLIAMS, WILLIAMS-
SOUTHERN COMPANY LLC,
WILLIAMS TRANSPORTATION CO.
LLC, MKS SERVICES LLC and
JOHN DOES 1-10                              DEFENDANTS

## NOTICE OF REMOVAL

Defendants, Scott Williams ("Williams"), Williams-Southern Company LLC, Williams Transportation Co. LLC, and MKS Services LLC, through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1334, 1441, 1446 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure file this Notice of Removal of the captioned action *Joseph F. Stringer and Stringer Construction Company, LLC vs. Scott Williams, Williams-Southern Company LLC, Williams Transportation Co. LLC, MKS Services LLC and John Does 1-10*; Cause No. 213-0096 on the docket of the Circuit Court of Jasper County, Mississippi. In support of their Notice of Removal, Defendants would respectfully show:

### FACTS

1. On August 30, 2013, Plaintiffs Joseph F. Stringer and Stringer Construction Company, LLC, commenced this action in the Circuit Court of Jasper County, Mississippi, Second Judicial District, Cause No. 213-0096. Plaintiffs' Complaint alleges claims for breach of fiduciary duties; breach of duty of care; breach of duty of loyalty; breach of covenant of good faith and fair dealing; constructive trust and equitable lien; accounting; unjust enrichment; intentional and negligent misrepresentation; negligence and gross negligence; interference with

contracts/business relationships; embezzlement/misappropriation; intentional and negligent infliction of emotional distress; tortious interference with contract; conversion; common law fraud and misrepresentations; breach of contract; unjust enrichment; conspiracy; and injunctive relief. These claims uniformly arise out of Plaintiffs' assertion that Scott Williams, Williams-Southern Company LLC, Williams Transportation Co. LLC, and MKS Services LLC, among others, misappropriated funds and unlawfully mismanaged Stringer Construction, LLC. Copies of Court Pleadings in State Court are attached here as composite exhibit "A" along with a copy of the docket sheet. A Certified copy will be supplemented upon receipt from the Jasper County Circuit Court Clerk.

2.   On August 26, 2013, prior to filing the Complaint, Stringer Construction, LLC, filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of Mississippi, Bankruptcy Proceeding No. 13-51647-KMS. A copy of the Notice of Filing is attached hereto as composite Exhibit "B."

## BASIS FOR REMOVAL

3.   Filing of this Notice of Removal is timely pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.[1]

4.   This Court and the United States Bankruptcy Court for the Southern District of Mississippi have jurisdiction over the claims against defendants pursuant to 28 U.S.C. § 1334(b) because this civil action arises or relates to a case under Title 11.

5.   Proceedings that are "related to" a bankruptcy action include suits between third

---

[1] The time limit for removal of this action is governed by Bankruptcy Rule 9027(a)(3) and not 28 U.S.C. § 1446(b). *Everett v. Friedman's, Inc.* 329 B.R. 40, 42 (S.D. Miss. 2005). However, out of an abundance of caution, Williams notes that this Notice of Removal is also timely under §1446(b) because it was filed within thirty days of receipt by Defendants of the Notice of Chapter 7 Filing, which was the first documentation received verifying the bankruptcy proceeding.

parties which have an effect on the bankruptcy estate. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001); *see also In re Wood*, 825 F.2d 90, 97-98 (5th Cir. 1987) (holding that a lawsuit involving claims against the debtor falls under "related to" jurisdiction). The test for whether a proceeding properly invokes federal bankruptcy jurisdiction is whether the outcome of that proceeding could conceivably have any effect on the estate. *Arnold*, 278 F.3d at 434. Certainty, or even likelihood of such an effect, is not a requirement. *Id*.

6.  It is facially apparent from a review of the Complaint that this action relates to a case under Title 11, as it seeks to assign liability to all Defendants, jointly, through theories of negligence, fraud and conspiracy. The Complaint unequivocally states, "Scott's and MKS Service's unlawful actions, breaches of fiduciary duties, gross mismanagement, and self-dealing have caused Stringer Construction to become insolvent. (*See*, Complaint, ¶19).

7.  This action also relates to a case under Title 11 because of the relief sought by the Plaintiffs. This relief specifically includes: an accounting of income and expenses of Stringer Construction as well as a full and accurate account of the income of Defendants allegedly misappropriated from Stringer Construction; a full an accurate account of all past and present contracts of Stringer Construction; an audit of Stringer's financials; reimbursement for debts Joey has paid on behalf of Stringer Construction…(*See*, Complaint Prayer for Relief (a)-(d)). Any such review or interference with Stringer Construction will fall directly within the purview of the Bankruptcy estate and proceedings Stringer Construction is already undergoing in its Chapter 7 filing. It is equally obvious that any distribution of funds connected in any way with Stringer Construction will have a direct and substantial impact on the bankruptcy estate and its efforts to satisfy creditors and wind-up Stringer Construction.

8.  The claims that are the basis of the Complaint are core proceedings pursuant to 28

U.S.C. § 157. More specifically, the Plaintiffs' Prayer for Relief highlights that multiple issues within this case are core issues related the bankruptcy proceedings already underway. The Complaint requests the Court to (1) enforce a turn over of property of the estate (a core proceeding under § 157(2)(A), (E), (M), & (O)); (2) to reimburse the Plaintiff, Joseph F. Stringer, which is a request for determination of preference over other creditors (a core proceeding under § 157(2)(F), (H), (K), (M) & (O)); (3) determine dischargability of certain debts through the audit of Stringer's financials (a core proceding under § 157(2)(I)); (4) conduct an accounting of Stringer Construction, all aspects of which are core proceedings under §157(2)(A), (B), (E), (F), (H), (K), (M) & (O)).  To the extent that the claims hereby removed are deemed to be non-core, the Defendants consent to the entry of final orders of judgment by the Bankruptcy Court.

## **REMOVAL PROCEDURE**

9. A copy of this Notice of Removal is being filed with the Circuit Court of Jasper County, Mississippi, and is being served on the parties and all counsel of record to this action. Copies of Court Pleadings in State Court are attached here as composite exhibit "A," along with a copy of the docket sheet. A Certified copy will be supplemented upon receipt from the Jasper County Circuit Court Clerk.

WHEREFORE, Defendants hereby provide notice that this action is duly removed.

RESPECTFULLY SUBMITTED, this the  18  day of September, 2013.

                                                 *Clark Hicks*
                                               L. Clark Hicks, MSB# 8963
                                               R. Lane Dossett , MSB# 102927
                                               *Attorneys for Defendants,*
                                               *Scott Williams, Williams-Southern Company LLC,*
                                               *Williams Transportation Co. LLC, and MKS*
                                               *Services LLC*

HICKS & BENNETT, PLLC
L. Clark Hicks, MSB# 8963
R. Lane Dossett, MSB# 102927
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 18350
Hattiesburg, MS  39404-8350
Telephone:  (601)544-6770
Facsimile:  (601)544-6775
Email: clark@hicksandbennett.com
       lane@hicksandbennett.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing pleading or other paper with the Clerk of Court using the MEC system, which sent notification of such filing to the following:

P. Manion Anderson, MSB #104250
Samuel S. McHard, MSB #100295
McHard & Associates, PLLC
15 Milbranch Road
Hattiesburg, MS 39402

This the 18 day of September, 2013.

                                        *Clark Hicks*
                                        L. CLARK HICKS, JR., MSB No. 8963
                                        R. LANE DOSSETT, MSB No. 102927
                                        *Attorneys for Defendants,*
                                        *Scott Williams, Williams-Southern Company*
                                        *LLC, Williams Transportation Co. LLC,*
                                        *and MKS Services LLC*